1
2
3
4
5
6                      IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    United States of America,              )    CR 04-0746-PHX-JAT
                                            )
10              Plaintiff-Respondent        )    CV 05-0526-PHX-JAT (ECV)
                                            )
11   vs.                                    )
                                            )    **REPORT AND RECOMMENDATION**
12                                          )
     Felipe Garcia-Rios,                    )
13                                          )
                Defendant-Movant.           )
14                                          )
                                            )
15   _____

16   TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

17                              **BACKGROUND**

18          Felipe Garcia-Rios ("Movant"), has filed a *pro se* Motion to Vacate, Set Aside or

19   Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  Doc. #17.

20   On July 15, 2005, Movant pleaded guilty to Count 2 of the Information, illegal re-entry after

21   deportation with a sentencing enhancement, in violation of 8 U.S.C. §§ 1326(a) and

22   1326(b)(2).  Doc. #14.  On October 4, 2004, Movant was sentenced to 30 months in the

23   custody of the Bureau of Prisons followed by supervised release for two years.  Doc. #14.

24   Movant filed the instant Motion to Vacate on February 15, 2005, within the limitations

25   period set forth in 28 U.S.C. § 2255.

26          Movant alleges four grounds for relief in his motion.  First, he alleges that his guilty

27   plea was not voluntary and intelligent in light of ineffective representation by his lawyer.

28   Second, Movant alleges that he received ineffective assistance of counsel when his lawyer

advised him to waive his right to an indictment.  Third, Movant alleges that he received ineffective assistance of counsel when his lawyer allowed him to waive the statute of limitations.  Fourth, Movant alleges that the sentencing judge violated <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004), by relying on facts not determined by a jury.  On June 1, 2005, Respondent filed a Response to Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody.  Doc. #26.  Movant has not filed a reply.

**DISCUSSION**

The government first argues in its response that Movant's request for relief under § 2255 is foreclosed by the plea agreement in which he waives the right to bring such an action.  In addition, the government addresses each of Movant's claims on the merits and argues that the claims should be rejected.

**A.     Waiver**

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face.  <u>United States v. Jeronimo</u>, 398 F.3d 1149, 1153 (9th Cir. 2005), <u>cert. denied</u>, 126 S.Ct. 198 (2005).  A waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made.  <u>Id.</u>  In addition to a waiver of direct appeal rights, a defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence.  <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994); <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1992), <u>cert. denied sub nom. Abarca-Espinoza v. United States</u>, 508 U.S. 979 (1993).  A waiver of the right to bring a § 2255 action likely would not include a claim that the waiver itself was involuntary or that ineffective assistance of counsel rendered the plea involuntary.  <u>See Pruitt</u>, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain); <u>Abarca</u>, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); <u>see also Jeronimo</u>, 398 F.3d at 1156 n.4

(summarizing Pruitt and Abarca, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

Here, Movant expressly waived his right to collaterally attack his "conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack." Doc. #15 at 4-5.  In addition, Movant stated during the change of plea proceedings that he understood he was giving up his right to appeal or collaterally attack the conviction or sentence.  Doc. #20 at 16-17.

Grounds one through three of Movant's petition challenge the voluntariness of the plea and will therefore be addressed on the merits.  Ground four, however, alleges that the sentence was imposed in violation of Blakely, supra, and therefore is covered by the express language of the waiver.[1]  Movant has waived his right to seek collateral review of this issue. Accordingly, the court will recommend that this claim be denied.

**B.    Merits**

Movant contends in grounds one through three that his guilty plea was not voluntary and intelligent because it was the result of ineffective assistance of counsel.  Movant claims his lawyer wrongly advised him to waive his right to an indictment and to waive the statute of limitations.

The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 687-88.  There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90.  The Strickland test also applies to challenges to guilty pleas

---

[1] Even if Movant had not waived this claim, it would fail on the merits.  Movant's sentence enhancement was based on admissions he made to the court; findings of fact by a jury are not necessary under these circumstances.  See Blakely, 124 S.Ct at 2537.

based on ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  A defendant who pleads guilty based on the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel fell below the level of competence demanded of attorneys in criminal cases.  Id. at 56.  To satisfy the second prong of the Strickland test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id. at 59.

Movant fails to make any showing whatsoever that his lawyer's advice to waive his right to an indictment fell below an objective standard of reasonableness. Waiving the indictment allowed Movant to benefit from the government's early disposition program under § 5K3.1 of the United States Sentencing Guidelines.  Under that program, a defendant receives a downward departure of the guidelines offense level in return for entering a pre-indictment plea agreement.  This relieves the government of its burden to empanel a grand jury and obtain an indictment.  Movant received the benefit of such an agreement here.  At the sentencing hearing, the Court explained that a four level downward departure was applied to his offense level because of the early disposition program.  Doc. #21 at 5-6.  Without the waiver of his right to an indictment, he would not have received this benefit.  Because his lawyer's advice on this issue did not fall below an objective standard of reasonableness, Movant's ineffective assistance claim is without merit and this court will recommend that it be denied.

Movant also claims that his lawyer improperly advised him to waive the statute of limitations.  Neither the plea agreement nor the hearing transcripts reflect a waiver of a statute of limitations and thus Movant's claim is not entirely clear.  He cites 18 U.S.C.A. § 3291 which contains a ten year statute of limitations for certain immigration related offenses.  However, Movant's offense is not among those covered by § 3291.

At Movant's change of plea hearing on July 14, 2004, Movant admitted that he was deported from the United States on February 23, 1998.  Doc. #20 at 23.  He further admitted that he came back to the United States without permission on June 30, 2004 and was

apprehended on that same date near San Luis, Arizona.  Id.  Also as part of his plea agreement, Movant admitted a prior felony conviction for transportation of marijuana on August 16, 1995, for which he was sentenced to 3.5 years in prison.  To the extent that Movant is claiming he was wrongly advised to admit his prior deportation or his prior felony conviction, he has provided nothing to support such a claim.  Movant received significant benefits in return for his guilty plea and his admissions to the prior deportation and prior felony conviction.  See Plea Agreement at Doc. #15.  The court is aware of no time limitation that would prevent the prior deportation and prior felony conviction from being used against him if the matter were to go to trial.  Thus, his claim that his lawyer provided ineffective assistance by advising him to make those admissions in order to obtain the benefits of the plea agreement is without merit.  The court will recommend that this claim be denied.

Finally, upon review of the record, the court sees no other basis to question the voluntariness of the plea agreement.  Throughout the change of plea proceedings, the magistrate judge asked Movant numerous questions about whether he understood the terms of the plea agreement including the rights he was giving up to enter the agreement, to which Movant responded affirmatively.  Doc. #20 at 5-17.  When asked directly if he was pleading guilty voluntarily, Movant answered, "Yes."  Movant's contemporaneous statements about his understanding of the plea agreement carry substantial weight in determining if his guilty plea was knowing and voluntary.  See United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991).  Absent any evidence whatsoever in the record to suggest the guilty plea was not voluntary and intelligent, the court will recommend that Movant's claim to the contrary be denied.

///

///

///

///

**IT IS THEREFORE RECOMMENDED:**

That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #17) be **DENIED**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 3rd day of March, 2006.


Edward C. Voss
United States Magistrate Judge